ELLIS, Judge.
The defendants herein, Carlton M. Gomez and Louise N. Gomez, his wife, acquired a lot of ground in East Baton Rouge Parish, from the Capital Building and Loan Association on October 10, 1961, for the price of $15,500.00. As is usual in such transactions, Capital retained a vendor’s lien and mortgage on the said lot to secure the amount of the purchase price.
On December 16, 1965, the defendants granted a second mortgage on the same parcel of ground to secure a note for $5,400.00, which said note is held by the plaintiff herein, A Second Mortgage Company of Baton Rouge, Inc. On May 19, 1966, the defendants were adjudicated bankrupts by the United States District Court for the Eastern District of Louisiana, and received their discharge in bankruptcy on July 21, 1966.
Defendants had defaulted on the payments of both of the above notes, and the property was seized and sold without appraisal in the matter of the Capital Building and Loan Association v. Carlton M. Gomez, No. 112,933, of the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. Seizure took place on May 17, 1966, the property was sold by the sheriff without appraisement on June 29, 1966, and was bought in by Capital for a consideration of $100.00. This suit was brought for the balance due on the second mortgage, which is admitted to be $5,115.00. Defendants filed answer to the above petition pleading in bar thereof the herein-above discharge of bankruptcy. It is admitted that the obligation represented by the above promissory note was listed in the schedule • of debts.
After trial on the merits, judgment was rendered in favor of defendants and against plaintiff, from which judgment plaintiff has prosecuted a devolutive appeal to this Court.
It is the contention of the appellants that, in failing to make the payments on the first mortgage, for whatever reason, and allowing it to be foreclosed by the first mortgage holder, the defendants willfully and maliciously violated the pact de non alienando contained in the second mortgage. They contend that this act on the part of the defendants constitutes “a willful and malicious injury to property” and the debts arising therefrom are non-dischargeable in bankruptcy under the provisions of 11 U.S.C.A. § 35(a) (2).
*302 We recognize the principle of law that a debt arising from “a willful and malicious injury to property” is not dis-chargeable in bankruptcy. However, we cannot agree with plaintiff’s contention that foreclosure of a first mortgage by the holder thereof constitutes a willful violation by the mortgagor of the pact de non alienando contained in the second mortgage.
In the first place, it would appear that the pact de non alienando contemplates a voluntary rather than an involuntary alienation of the property. As used in the pact de non alienando, and as adverted to in Articles 2701 and 3741 of the Code of Civil Procedure, the “alienation” referred to is clearly one which is voluntary or willful on the part of the mortgagor. In the second place, this theory overlooks the basic purpose of the pact de non alienando, which is not to prevent the sale of mortgaged immovable property by the mortgagor, but rather to enable the mortgage holder to proceed via executiva against the original mortgagor without the necessity of going against his successors in title.
Finally, anyone who takes a second mortgage as security for an obligation must know that he does so subject to the rights of the holder of the first mortgage.
All of the cases relied on by plaintiff are clearly distinguishable on the facts, dealing with claims arising either from willful torts or from alienation of movable property subject to a chattel mortgage.
To permit plaintiff’s theory to prevail would completely rob the bankruptcy act of any significance in so far as it relates to the holders of second mortgages.
We are of the opinion that the judgment appealed from is correct and it is affirmed at appellant’s cost.
Affirmed.